And on the basis of said facts, the court concludes as matters of law:

1. That the evidence of record does not rebut the presumption of correctness attaching to the appraised value.

2. That foreign value as defined in 19 U.S.C.A., section 1402(c) (section 402a(c), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determination of the value of the merchandise covered by the reappraisement appeal herein.

3. That such foreign value is represented herein by the appraised value.

Judgment will be entered accordingly.

(R.D. 11722)

E. R. Samsey & Co. *v.* United States

Entry No. 11388.

(Decided September 3, 1970)

■■■■■■

*Edwin R. Samsey, pro se.*

*William D. Ruckelshaus,* Assistant Attorney General (*Peter Jay Baskin,* trial attorney), for the defendant.

RICHARDSON, Judge: The merchandise of this reappraisement appeal consists of bandsaw blades which were exported from England and entered at the port of Portland, Oregon. The merchandise was entered at a unit price of 80 shillings per 100 feet net, and was advanced in value upon appraisement to 100 shillings, 9 pence per 100 feet net packed, whereupon the importer filed a timely appeal for reappraisement herein.

When the case was called for trial in Toledo, Ohio, to which port it had been transferred at the instance of the importer, the importer appeared in person and undertook to try his own case. A sample piece of bandsaw blade was offered and received into evidence as plaintiff's exhibit 1. And a copy of the purchase order underlying the shipment covered by the entry at bar was offered and received into evidence as plaintiff's exhibit 2.

No additional evidence was received into the record on behalf of the plaintiff, although plaintiff endeavored to place into evidence some correspondence. However, upon timely objection by defendant the proffered correspondence was excluded from evidence on the basis of hearsay. The importer then rested his case, and the defendant moved for a dismissal of the appeal herein on the ground that plaintiff failed to establish a *prima facie* case.

The importer has failed to present any competent evidence tending to show that the appraisement herein was incorrect and that the value contended for by him is the proper value for the merchandise covered by the reappraisement appeal before the court. Consequently, defendant's motion to dismiss the appeal must be, and is granted.

On the instant record, the court finds as facts:

1. That the merchandise covered by the reappraisement appeal herein consists of bandsaw blades which were exported from England on or about May 5, 1966, and appraised upon entry at the port of Portland, Oregon, on the basis of export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) at British 100 shillings 9 pence per 100 feet, net, packed.

2. That there is no evidence in the record supporting a value for said merchandise other than that returned by the appraiser.

On these facts the court concludes as matters of law:

1. That the presumption of correctness attaching to the appraised value of the merchandise covered by the reappraisement appeal herein has not been rebutted.

2. That export value as defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956) is the proper basis for determination of the value of said merchandise.

3. That such value is the appraised value.

Judgment will be entered herein accordingly.